# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> FIELDWOOD ENERGY LLC <br> FIELDWOOD ENERGY INC. <br><br> Defendants. | CAUSE NO: |

## ORIGINAL COMPLAINT
### [VERIFIED]

Plaintiff, Travelers Casualty and Surety Company of America ("Travelers" or "Surety"), files its Original Complaint (the "Complaint") against Defendants, Fieldwood Energy LLC and Fieldwood Energy Inc. (collectively referred to herein as "Defendants" or "Indemnitors") and respectfully states as follows:

## PARTIES

1. Travelers is a Connecticut corporation maintaining its principal place of business at One Tower Square, Hartford, Connecticut 06183, and is authorized to do business in the State of Texas.

2. Fieldwood Energy LLC is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business in Houston, Texas.

3. Fieldwood Energy Inc. is a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Houston, Texas.

262609v1

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) as there is diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## NATURE OF THE CASE

6. At the request of Indemnitors, Travelers as Surety issued the following two bonds in favor of various bond obligees with Fieldwood Energy LLC named as Principal (collectively, the "Bonds"[1]):

| Principal | Bond No. | Penal Sum | Obligee Name |
|---|---|---|---|
| Fieldwood Energy LLC | 106854940 | $45,000,000.00 | Noble Energy, Inc. |
| Fieldwood Energy LLC | 106854941 | $15,000,000.00 | Anadarko Petroleum Corporation<br>Anadarko US Offshore LLC<br>Eni Petroleum US LLC<br>Noble Energy, Inc. |
| **Aggregate Penal Limit:** | | **$60,000,000.00** | |

7. The bonded obligations cover certain plugging and abandonment obligations arising under certain federal oil, gas, and mineral leases owned and/or operated by Fieldwood Energy LLC.

8. The Bonds were issued pursuant to certain Bond Specific Surety Claim Adjustment Agreements whereby Travelers, along with various other sureties, agreed to be severally, but not jointly, liable for its respective obligations under various performance bonds.

9. As set forth above, the aggregate amount of the Bonds as to Travelers' liability cap is $60,000,000.

---

[1] These bonds have been co-written with other sureties. The penal sums noted herein are the liability cap for Travelers only and do not represent the full penal sum liability cap under the bonds themselves. A true and correct copy of the Bonds is attached hereto *in globo* as Exhibit A.

10. In consideration for and specifically to induce Travelers to furnish the Bonds, Defendants executed that certain General Contract of Indemnity, dated April 2, 2018, in favor of Travelers to cover "[a]ll loss and expense of any kind or nature, including attorneys' fees and other professional fees, which [Travelers] incurs in connection with any Bond or this Agreement" (the "Indemnity Agreement").[2]

11. Under the Indemnity Agreement, the Indemnitors agreed, among other things, that:

> 3. Indemnitors shall exonerate, indemnify and save [Travelers] harmless from and against all Loss . . . . Indemnitors agree to deposit with [Travelers], upon demand, an amount as determined by [Travelers] sufficient to discharge any Loss or anticipated Loss. Amounts due to [Travelers] shall be payable upon demand . . . .
>
> 5. Indemnitors shall upon request of [Travelers] promptly procure the written release of [Travelers] from any and all Bonds. If Indemnitors fail to procure such release, the Indemnitors shall immediately provide [Travelers] an irrevocable letter of credit acceptable to [Travelers] in the aggregate amount of all unreleased Bonds. Indemnitors waive, to the fullest extent permitted by law, each and every right that they may have to contest these requirements. Indemnitors stipulate and agree that [Travelers] will suffer immediate irreparable harm and will not have an adequate remedy at law if Indemnitors fail to perform the obligations of this paragraph such that [Travelers] is entitled to specific performance of such obligations.[3]

12. Upon information and belief, beginning around early April 2020, questions and concerns arose regarding Defendants' solvency and financial stability. Travelers' suspicions were confirmed when both Standards & Poor's ("S&P") and Moody's Investor Service downgraded their ratings for Fieldwood Energy LLC on or about April 8, and April 9, 2020, respectively.

13. By publication dated May 12, 2020, S&P further downgraded Fieldwood Energy LLC's issuer credit rating from "CCC" to "D" based, in part, on its entering into forbearance agreements with certain term loan lenders and its skipping interest payments on its first and second

---

[2] A true and correct copy of the Indemnity Agreement is attached hereto as Exhibit B. *See* Exhibit B at ¶ 1.
[3] Exhibit B at ¶¶ 3, 5.

262609v1

lien loans.[4]  The S&P publication advised that, despite Fieldwood Energy LLC's ongoing negotiations with its creditors, "[w]e don't believe the company will make these payments."[5]

14. As of the filing of this Complaint, at least one major news outlet, The Wall Street Journal, has predicted the imminence of Fieldwood Energy LLC's second bankruptcy filing in the past two years.[6]

15. Based upon these financial concerns, Travelers opted to exercise its unconditional rights under paragraph 5 of the Indemnity Agreement by letter to Defendants dated April 24, 2020 ("Initial Demand").[7]

16. Specifically, invoking paragraph 5 of the Indemnity Agreement, the Initial Demand demanded that Indemnitors provide, by no later than May 8, 2020, either: (i) the full and complete release of Travelers Bond No. 106854940 in the penal sum of $45,000,000 (as to Travelers) and Travelers Bond No. 106854941 in the penal sum of $15,000,000 (as to Travelers); or (ii) an irrevocable letter of credit in an amount equal to 100% of all unreleased liability (i.e., in the total amount of $60,000,000), issued in form and substance and by a bank acceptable to Travelers.[8]

17. On April 29, 2020, Defendants responded to the Initial Demand (the "Initial Response") stating "Fieldwood will not be providing the additional collateral that Travelers has requested."[9]

18. Despite Indemnitors' refusal to comply with its crystal clear and express obligations under the Indemnity Agreement, Travelers responded to the Initial Response by letter dated April

---

[4] A true and correct copy of S&P's May 12, 2020, publication is attached hereto as Exhibit C.
[5] Exhibit C at p. 1.
[6] Alexander Gladstone & Soma Biswas, *Fieldwood Energy Prepares for Second Bankruptcy in Two Years*, The Wall Street Journal, May 15, 2020, https://www.wsj.com/articles/fieldwood-energy-prepares-for-second-bankruptcy-in-two-years-11589563292.
[7] A true and correct copy of the Initial Demand is attached here to as Exhibit D.
[8] Exhibit D at p. 1.
[9] A true and correct copy of the Initial Response is attached here to as Exhibit E.

262609v1

30, 2020, advising that notwithstanding "a clear repudiation of Fieldwood's obligations under the [Indemnity Agreement]," Travelers remained "willing to discuss the matter . . . further[.]"[10]

19. Having received no further response from Indemnitors, Travelers again invoked its rights under the Indemnity Agreement by letter dated May 15, 2020 (the "Final Demand").[11] Specifically, Travelers demanded that, by no later than May 20, 2020, Indemnitors immediately comply with Travelers' demand pursuant to paragraph 5 of the Indemnity Agreement by promptly providing to Travelers either: (i) documentation acceptable to Travelers evidencing the full release of the Bonds; or (ii) an irrevocable letter of credit, in form, term, and substance sufficient to Travelers and issued by a financial institution acceptable to Travelers.[12] The Final Demand again expressed Travelers' willingness to work with Indemnitors towards an amicable resolution.[13]

20. On May 17, 2020, Indemnitors responded to the Final Demand stating, once again, that "Fieldwood will not be obtaining the full release of the Bonds or the irrevocable letter of credit that Travelers has requested."[14]

21. As with its Initial Response, Indemnitors' May 17, 2020 response to the Final Demand made reference to their "provid[ing] financial and reserve information [as] required under the General Contract of Indemnity," despite there being no such express requirement under the Indemnity Agreement.[15] Further, as Travelers advised in the Final Demand, Fieldwood failed to show how or why providing such financial and reserve information obviates its obligation to

---

[10] A true and correct copy of Traveler's April 30, 2020 follow up correspondence to Fieldwood is attached hereto as Exhibit F.
[11] A true and correct copy of the Final Demand is attached hereto as Exhibit G.
[12] Exhibit G at p. 2.
[13] Exhibit G at pp. 2 - 3.
[14] A true and correct copy of Fieldwood's May 17, 2020 responses to the Final Demand is attached here to Exhibit H.
[15] Exhibit H.

5
262609v1

comply with paragraph 5 of the Indemnity Agreement or Travelers' entitlement to specific performance should Indemnitors fail to perform.[16]

22. Having received no further response from Indemnitors, Travelers proceeded with the commencement of the instant lawsuit.

## COUNT ONE
### (Specific Performance and Injunction)

23. Travelers repeats and reasserts each and every allegation set forth above with the same force and effect as if each such allegation was fully set forth here again at length.

24. Travelers is expressly entitled to specific performance under paragraph 5 of the Indemnity Agreement in the event that Indemnitors fail to, simply upon demand, either procure the written release of the Bonds or provide an irrevocable letter of credit acceptable to Travelers, and Indemnitors have "waive[d], to the fullest extent permitted by law, each and every right that they may have to contest these requirements."[17]

25. In refusing to either procure the full release of the Bonds or provide an irrevocable letter of credit in the total amount of the unreleased Bonds, Indemnitors have breached their specific obligations and agreements as expressly set forth in the Indemnity Agreement.

26. Accordingly, Travelers seeks and is entitled to injunctive relief and specific performance of the obligations of the Indemnitors under paragraph 5 of the Indemnity Agreement.

27. Travelers will be subjected to immediate and irreparable harm, in that the Indemnitors will likely be unable to perform or meet their specific obligations under the Indemnity Agreement and/or Travelers will be unable to secure enforcement of its unconditional rights thereunder.

---

[16] *See* Exhibit G at p. 2.
[17] Exhibit B at ¶ 5.

262609v1

28. The balance of equities favor the unconditional rights of Travelers under the Indemnity Agreement and the entitlement of Travelers to enforce such unconditional rights and to require the Indemnitors to specifically perform their clear obligations thereunder.

29. Based on the failure of Indemnitors to perform their contractual obligations, Travelers is entitled to injunctive relief from this Court, compelling the Indemnitor to either: (i) procure the complete discharge of Travelers under the Bonds or (ii) provide collateral in the form of an irrevocable letter of credit in favor of Travelers, and in form and content acceptable to Travelers, in the sum of $60,000,000 to secure the face amount of the undischarged liability of Travelers under the Bonds, plus any additional funds necessary to secure the expenses, court costs, and attorneys' fees expended and/or will be expended as necessary in order to enforce its rights under the Indemnity Agreement.

## COUNT TWO
**(Declaratory Judgment)**

30. Travelers repeats and reasserts each and every allegation set forth above with the same force and effect as if each such allegation was fully set forth here again at length.

31. There are actual and justiciable controversies between Travelers and Indemnitors. A declaratory judgment issued by this Court will resolve outstanding issues between Travelers and Indemnitors and allow Travelers to enforce its unconditional rights and hold the Indemnitors to their specific obligations under the Indemnity Agreement.

32. Accordingly, Travelers is entitled to a declaratory judgment from this Court proclaiming under the Indemnity Agreement: that Travelers has unconditional rights; that Indemnitors have specific obligations, upon demand; and that Indemnitors must procure the full and complete discharge of Travelers under the Bonds and/or post collateral in the form of an irrevocable letter of credit in the sum of at least $60,000,000 to secure all undischarged liability

262609v1

and losses of Travelers in connection with the Bonds and/or in the enforcement of the Indemnity Agreement.

## COUNT THREE
**(Breach of Contract)**

33. Travelers repeats and reasserts each and every allegation set forth above with the same force and effect as if each such allegation was fully set forth here again at length.

34. As set forth above, Indemnitors have refused to perform or honor their specific obligations under the Indemnity Agreement to procure the complete discharge of Travelers under the Bonds and/or to post collateral to secure all undischarged liability and Losses (as defined in the Indemnity Agreement) of Travelers in connection with the Bonds, despite the written demand from Travelers.

35. As such, the Indemnitors are jointly and severally liable to Travelers for all of the Surety's loss and expense, including attorneys' fees, in connection with the Bonds and enforcement of the Indemnity Agreement.

## COUNT FOUR
**(Collateralization/*Quia Timet*)**

36. Travelers repeats and reasserts each and every allegation set forth above with the same force and effect as if each such allegation was fully set forth here again at length.

37. Based upon Indemnitors' financial instability, as well as their repeated and unjustified refusal to comply with their obligations as Indemnitors, Travelers has reasonable grounds to believe Principal will likely default on its obligations, either under the Bonds or the Indemnity Agreement. As such, *quia timet* relief is appropriate.

38. The Indemnitors are jointly and severally liable to Travelers under the Indemnity Agreement for any amount of collateral necessary to cover all Losses of Travelers under the Bonds.

262609v1

39. Due to the well-known deteriorating financial stability of the Indemnitors, and as recognized by law, Travelers is entitled to *quia timet* relief as interim relief and will be seeking expedited consideration of same via motion filed shortly after this action is commenced.

## COUNT FIVE
### (Recovery of Attorneys' Fees and Interest)

40. Travelers repeats and reasserts each and every allegation set forth above with the same force and effect as if each such allegation was fully set forth here again at length.

41. Travelers is entitled to recover its attorneys' fees and expenses (and all other costs and expenses qualifying as a "Loss" under the Indemnity Agreement) from Indemnitors under the Indemnity Agreement.

## PRAYER FOR RELIEF

**WHEREFORE,** Travelers respectfully requests that Defendants Fieldwood Energy LLC and Fieldwood Energy Inc. be cited to appear and answer herein, and that Travelers to be awarded:

1. On count one against Indemnitors, judgment compelling Indemnitors to perform their specific obligations to procure the full and complete discharge of Travelers under the Bonds or provide collateral in the form of an irrevocable letter of credit in favor of Travelers, and in form and content acceptable to Travelers;

2. On count two against Indemnitors, judgement declaring that Indemnitors are obligated under the Indemnity Agreement to procure the full and complete discharge of Travelers under the Bonds and/or to post additional collateral in the form of an irrevocable letter of credit in the sum of at least $60,000,000 in order to secure all undischarged liability and loss of Travelers in connection with the Bonds and/or in the enforcement of the Indemnity Agreement;

262609v1

3. On count three against Indemnitors, judgment against Indemnitors in the amount of damages incurred by Travelers caused by Indemnitors' breach of contract;

4. On count four against Indemnitors, judgement against Indemnitor, jointly and severally, in an amount of damages necessary to cover all losses or anticipated losses incurred, or to be incurred, by Surety;

5. On count five against the Indemnitors, judgment against Indemnitors in the amount of attorneys' fees, costs and expenses incurred by Travelers in connection with enforcing the Indemnity Agreement;

6. Costs of this suit;

7. Pre-judgment and post judgment interest at the maximum amount permissible at law or in equity; and

8. Such other and further relief as this Court may deem just, proper and equitable.

Dated:  May 27, 2020

                                            Respectfully Submitted,

                                            **LOOPER GOODWINE P.C.**

                                            */s/ Paul J. Goodwine*
                                            Paul J. Goodwine, Attorney-in-Charge
                                            La. Bar No. 23757
                                            SDTX Federal ID No. 437800
                                            Lindsey M. Johnson
                                            La. Bar. No. 34610
                                            SDTX Federal ID No. 2127344
                                            650 Poydras Street, Suite 2400
                                            New Orleans, Louisiana 70130
                                            Telephone: (504) 503-1500
                                            Facsimile: (504) 503-1501
                                            Email: pgoodwine@loopergoodwine.com
                                            Email: ljohnson@loopergoodwine.com

                                            **ATTORNEYS FOR PLAINTIFF TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA**

262609v1

## VERIFICATION OF COMPLAINT

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint and the factual allegations thereof and the facts alleged therein are true and correct.

Executed this 27th day of May, 2020.

*Kate K. Simon*
Kate K. Simon
Representative for Travelers Casualty and Surety Company of America